**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DARWIN LOPEZ MORALES,**<br>**Petitioner,**<br><br>v.<br><br>**J.L. JAMISON, Warden of Federal**<br>**Detention Center Philadelphia; JOHN**<br>**RIFE, Acting Field Office Director of**<br>**Enforcement and Removal Operations,**<br>**Philadelphia Field Office, Immigration and**<br>**Customs Enforcement; MARKWAYNE**<br>**MULLIN, Secretary, U.S. Department of**<br>**Homeland Security; U.S. DEPARTMENT**<br>**OF HOMELAND SECURITY; TODD**<br>**BLANCHE, Acting U.S. Attorney General;**<br>**EXECUTIVE OFFICE OF**<br>**IMMIGRATION REVIEW,**<br>                    **Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO.  26-4530** |

**MEMORANDUM**

**HODGE, J.**                                                                            **July 9, 2026**

Petitioner Darwin Lopez Morales ("Petitioner" or "Mr. Lopez Morales") is another of the

numerous individuals detained by immigration authorities without a bond hearing when they

attended their scheduled check in with U.S. Immigration and Customs Enforcement ("ICE"). Such

treatment results in detention without any hearing. This Court joins with the numerous decisions

rejecting Respondents' argument, and grants Mr. Lopez Morales petition for a writ of habeas

corpus (ECF No. 1 (the "Petition")) and orders his immediate release.[1]

---

[1] The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

## I.      BACKGROUND[2]

Mr. Lopez Morales is a citizen of Guatemala. (ECF No. 1 ¶ 19.) He entered the United States without inspection in April 2024 on the United States side of the United States border with Mexico. (*Id.* ¶ 6; ECF No. 4-2 at 2.) On May 24, 2024, a Notice to Appear was issued to Mr. Lopez Morales, which identified him as "an alien present in the United States who has not been admitted or paroled." (ECF No. 4-4 at 1.) He was found to have a credible fear of return to his home country. (ECF No. 4 at 3.) He was released on parole on May 29, 2024, which was set to expire after one year. (ECF No. 4-3 at 1.) Mr. Lopez Morales filed an asylum application, which remains pending. (ECF No. 4-2 at 2–3.) His next immigration court date is scheduled for August 10, 2026. (ECF No. 1 ¶ 6; ECF No. 4-2 at 2.)

On June 29, 2026, when attending his scheduled ICE check in, Mr. Lopez Morales was detained. (ECF No. 4-2 at 2.) The I-213 form dated June 29, 2026 states that "ICE will be terminating the subject's parole and taking him back into custody for review by an Immigration Judge." (*Id.*)[3] Petitioner is in Respondents' custody at the Federal Detention Center in Philadelphia. (ECF No. 1 ¶ 1.)

## II.     LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.
[3] Respondents do not assert that any bond hearing is scheduled for Petitioner.

**III.    DISCUSSION**

In his petition, Mr. Lopez Morales assumed Respondents were detaining him pursuant to § 1225(b)(2)(A). However, Respondents assert that the Petition should be denied because Mr. Lopez Morales is detained pursuant to 8 U.S.C. § 1225(b)(1), not § 1225(b)(2). They argue that Petitioner was initially processed for expedited removal when he attempted to enter the United States without authorization, he was granted temporary parole after he was found to have a credible fear of returning home, and when that parole expired automatically, he has now returned to his detention status prior to his parole, which was under § 1225(b)(1).

As Respondents acknowledge, their argument has been rejected by most judges in this district who have considered it. Indeed, numerous judges have considered this argument with nearly identical facts involving petitioners initially placed in expedited removal, determined to have a credible fear of persecution, who were subsequently granted parole which automatically expired. *See, e.g.*, *Salas Minchola v. Jamison*, No. CV 26-4147, 2026 WL 1908070, at *1 (E.D. Pa. July 2, 2026); *Imamov v. Jamison*, No. CV 26-2204, 2026 WL 1164682, at *1–2 (E.D. Pa. Apr. 29, 2026). These courts have found such petitioners are not subject to the mandatory detention under § 1225(b)(1) based on a statutory analysis of the INA. *Salas Minchola*, 2026 WL 1908070, at *2; *Imamov*, 2026 WL 1164682, at *4–7; *see also Cabreja Bueno v. O'Neill*, No. 26-304, 2026 WL 413315 (E.D. Pa. Feb. 13, 2026); *Vasquez-Rosario v. Noem*, No. 25-CV-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026). These issues are addressed at length in these cited decisions and many others, and this Court adopts their analysis and incorporates them here. Consistent with these decisions, this Court finds that Mr. Lopez Morales is not subject to mandatory detention under § 1225(b)(1).

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's detention without a bond hearing offends the INA. Therefore, this Court grants Mr. Lopez Morales's Petition, orders his immediate release, permanently enjoins the Government from re-detaining him under Section 1225(b), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for seven days following his release. An appropriate Order follows.

BY THE COURT:

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**